OPINION OF THE COURT
Memorandum.
Judgment convicting defendant of driving while impaired unanimously reversed on the law and matter remanded to the court below for a new trial.
Judgment convicting defendant of speeding in a construction zone unanimously modified on the law and facts by vacating the sentence imposed and remanding the matter for resentencing; as so modified, affirmed.
The defendant was charged with driving while impaired in violation of Vehicle and Traffic Law § 1192 (1). This offense was elevated to a misdemeanor pursuant to Vehicle and Traffic Law § 1193 (1) because defendant had two prior convictions of driving while impaired within the preceding 10 years. Contrary to defendant’s contention, the accusatory instrument is not jurisdictionally defective. While the initial accusatory instrument made no mention of any prior convictions, the record contains what we deem to be a prosecutor’s information (CPL 100.35, 100.50) which specifically alleges the defendant’s predicate convictions required to elevate the offense to a misdemeanor. Moreover, we note that defendant, under oath, in open court, prior to trial, admitted that he had the two prior convictions (cf. CPL 200.60).
*674 Over defense counsel’s objection, the police officer testified to an ultimate issue of fact that the .07 breathalyzer reading indicated that the defendant was impaired. The admission of such testimony was improper. Vehicle and Traffic Law § 1195 (2) (b) expressly provides that a reading of .07 “shall not be given prima facie effect” in determining whether an individual is impaired. The statement, in our view, was not harmless and the remaining evidence was not overwhelming as the case would have otherwise hinged upon the credibility of the witnesses (see People v Bailey, 58 NY2d 272). Consequently, the judgment of conviction for driving while impaired should be reversed and a new trial ordered as to said misdemeanor.
While the jury found that the defendant was speeding in a construction zone (Vehicle and Traffic Law § 1180 [f]), it failed to make a finding as to the speed at which defendant was travelling. In the absence of a specific finding by the jury, the court below could not make its own finding that the defendant’s speed exceeded the applicable speed limit by more than 30 miles an hour and impose sentence upon such a finding pursuant to Vehicle and Traffic Law § 1180 (h) (3) (iii). Under the circumstances, the sentence for speeding must be vacated and the matter remanded for resentencing pursuant to Vehicle and Traffic Law § 1180 (h) (3) (i).
The remaining contentions are either without merit, not preserved for appellate review or rendered academic in light of the foregoing determination.
Floyd, P.J., Doyle and Winick, JJ., concur.